IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY SCOTT SMITH, JR.,<br><br>Defendant. | Case No. 23-CR-139-JFH |

## OPINION AND ORDER

Before the Court is a Motion to Dismiss Counts Two and Three of the Superseding Indictment ("Motion") filed by Defendant Jeffrey Scott Smith, Jr. ("Defendant"). Dkt. No. 43. The United States of America ("Government") filed a response in opposition. Dkt. No. 48. For the following reasons, Defendant's Motion [Dkt. No. 43] is DENIED.

## BACKGROUND[1]

On August 9, 2023, Defendant was charged by indictment with three counts: one count of Deprivation of Rights Under Color of Law, in violation of 18 U.S.C. §§ 242 and 250(b)(3) and two counts of Falsification of Records, in violation of 18 U.S.C. § 1519. Dkt. No. 2. A superseding indictment was filed on September 13, 2023 to correct a typographical error in the original indictment. Dkt. No. 29. This case is currently set on the Court's March 4, 2024 jury trial docket. Dkt. No. 41.

On January 23, 2024, Defendant filed the instant motion to dismiss Counts Two and Three of the superseding indictment for failure to state an offense pursuant to Federal Rule of Criminal

---

[1] "An indictment should be tested solely on the basis of the allegations made on its face, and . . . . [c]ourts should refrain from considering evidence outside the indictment when testing its legal sufficiency." *United States v. Hall*, 20 F.3d 1084, 1087 (10th Cir. 1994) (citing *United States v. Sampson*, 371 U.S. 75, 78-79 (1962)). Therefore, for the purposes of this Motion, the Court considers only the allegations contained in the indictment.

Procedure 12(b)(3)(B)(iv), arguing that 18 U.S.C. § 1519 does not encompass the allegations contained in Counts Two and Three. Dkt. No. 43 at 1.

Counts Two and Three of the superseding indictment allege:

> On or about November 2, 2022, within the Eastern District of Oklahoma, the defendant, Jeffrey Scott Smith, Jr., acting in relation to and in contemplation of a matter within the jurisdiction of the Federal Bureau of Investigation, an agency of the United States, knowingly altered, concealed, covered up, and falsified a record with the intent to impede, obstruct, and influence the investigation and proper administration of that matter.

Dkt. No. 29 at 2-3. The superseding indictment alleges that at the time of charged conduct, Defendant was working as a police officer for the Savanna Police Department ("SPD") and conducted a traffic stop on a car in which K.H. was a passenger. *Id*. at 1. It is further alleged that during the traffic stop, Defendant "groped K.H.'s breast and penetrated K.H.'s genital opening with his finger without her consent and without a legitimate law enforcement purpose." *Id*. at 2. Regarding Counts Two and Three, the superseding indictment specifies that Defendant "knowingly altered, concealed, covered up, and falsified an SPD record by deactivating his [SPD body worn camera and SPD dashboard camera] during the traffic stop." *Id*. at 2-3.

Section 1519 states as follows:

> Whoever knowingly alters, destroys, mutilates, conceals, covers up, falsifies, or makes a false entry in any record, document, or tangible object with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States or any case filed under title 11, or in relation to or contemplation of any such matter or case, shall be fined under this title, imprisoned not more than 20 years, or both.

18 U.S.C. § 1519. To convict Defendant under 18 U.S.C. § 1519, the Government must prove beyond reasonable doubt that Defendant "(1) knowingly altered, destroyed, mutilated, concealed, covered up, or falsified [the record at issue], and (2) did so with the intent to impede, obstruct, or

influence the investigation or proper administration of any matter within the jurisdiction of the [federal agency]." *United States v. Richter*, 796 F.3d 1173, 1199 (10th Cir. 2015).

Defendant argues that because "deactivating a camera," the alleged conduct underlying Counts Two and Three, is not expressly enumerated in the plain language of § 1519, the Government has failed to state an offense and, therefore, Counts Two and Three must be dismissed. Dkt. No. 43 at 2-3. Defendant further argues that while the statute encompasses the act of creating a false record, it does not encompass the act of failing to make a record. *Id*. Therefore, Defendant argues that the act of not making a record—by deactivating his body worn and dashboard cameras—does not fall within the scope of conduct covered by § 1519. *Id*. Finally, Defendant argues that the Government may not use extrinsic evidence to expand the scope of § 1519. *Id*. at 3-4. In particular, Defendant takes issue with evidence it anticipates the Government will present at trial to prove Counts Two and Three. Dkt. No. 43 at 3-4.

In response, the Government argues that Counts Two and Three are constitutionally sufficient and adequately set forth the elements of the offense. Dkt. No. 48 at 7. The Government further argues that it is not seeking to expand the scope of § 1519, but that the conduct described in the superseding indictment falls squarely within the statute. *Id*. at 8-11. Finally, the Government asks the Court to reject Defendant's argument regarding extrinsic evidence, arguing that evidence it intends to use to establish the elements of the offense at trial is wholly irrelevant to Defendant's challenge to the superseding indictment. *Id*. at 11-12.

## ARGUMENT AND AUTHORITIES

"An indictment is sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense." *United States v. Todd*, 446 F.3d 1062, 1067 (10th Cir. 2006)

3

(quoting *United States v. Dashney*, 117 F.3d 1197, 1205 (10th Cir. 1997)). "[W]here the indictment quotes the language of a statute and includes the date, place, and nature of illegal activity, it need not go further and allege in detail the factual proof that will be relied upon to support the charges." *United States v. Doe*, 572 F.3d 1162, 1173-74 (10th Cir. 2009) (emphasis added).

"On a motion to dismiss an indictment, the question is not whether the government has presented sufficient evidence to support the charge, but solely whether the allegations in the indictment, if true, are sufficient to establish a violation of the charged offense." *Todd*, 446 F.3d at 1068 (citing *United States v. Sampson*, 371 U.S. 75, 78–79 (1962)). "Challenging an indictment is not a means of testing the strength or weakness of the government's case, or the sufficiency of the government's evidence." *Id*. at 1067 (citing *United States v. Hall*, 20 F.3d 1084, 1087 (10th Cir.1994)). Rather, "[a]n indictment should be tested solely on the basis of the allegations made on its face, and such allegations are to be taken as true." *Id*. (quoting *Sampson*, 371 U.S. at 78-79). Accordingly, courts should "avoid considering evidence outside the indictment when testing the indictment's legal sufficiency." *Id*. (citing *Hall*, 20 F.3d at 1087). Therefore, for purposes of considering the instant Motion, the Court will consider only the allegations contained in the superseding indictment and will accept those allegations as true. Accordingly, as an initial matter, Defendant's arguments related to extrinsic evidence, or evidence he anticipates the Government will present at trial, are rejected.

Defendant's arguments regarding the plain language of § 1519 also fail. Section 1519 criminalizes knowingly altering, destroying, mutilating, concealing, covering up, or falsifying the record at issue and doing so with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of a federal agency. 18 U.S.C. § 1519. The superseding indictment alleges that Defendant violated 18 U.S.C. § 1519 by knowingly

4

altering, concealing, covering up, and falsifying a record. Dkt. No. 29 at 2-3. Deactivating his body worn and dashboard cameras is merely the means by which Defendant committed the criminal conduct. While statutes describe the offensive conduct, they generally do not set forth each and every manner and circumstance in which the offense may be committed. Therefore, contrary to Defendant's argument, it is of no effect that the statute does not specifically criminalize "deactivating a camera." Whether deactivating a camera is sufficient to prove falsification of records under § 1519 is for the jury to decide. But for purposes of the superseding indictment, it is sufficient that the superseding indictment alleges that Defendant knowingly altered, concealed, covered up, and falsified a record.

Likewise, the Court is not convinced by Defendant's argument that failing to make a record is not covered under § 1519. Several courts have concluded that an omission is equivalent to falsifying a record. *See e.g., United States v. Jackson*, 186 Fed.Appx. 736, 738 (9th Cir. 2006) (unpublished) (FBI agent deliberately omitting a confession from an official investigation report was sufficient to support a conviction under 18 U.S.C. § 1519); *United States v. Moyer*, 674 F.3d 192, 207 (3d Cir. 2012) (Finding that "[i]t borders on the ridiculous to assert that a Chief of Police would not have a duty to disclose the identity of suspects in his official police reports or, conversely, that withholding the names of suspects—known to him—in those official police reports would be deemed acceptable" and holding that 18 U.S.C. § 1519 covers omissions); *see also United States v. Gray*, 692 F.3d 514, 517–21 (6th Cir. 2012) (assuming without discussion that § 1519 covers omissions); *United States v. Taohim*, 529 Fed.Appx. 969, 974 (11th Cir. 2013) (unpublished) (affirming a conviction under § 1519 for conduct that included omissions, but without analyzing whether the statute applies to omissions); *see also United States v. Mays*, Case No. 1:14-cr-120-3, 2015 WL 4624196 (S.D. Ohio Aug. 3, 2015) (unpublished) (police officer

charged under 18 U.S.C. § 1519 for positioning himself in front of a surveillance camera to obstruct the camera's view while fellow police officers physically assaulted inmate). This Court agrees with this line of cases.

"The starting point for interpreting a statute is the language of the statute itself. When words are not defined within the statute, we construe them in accordance with their ordinary or natural meaning. . . . [R]esorting to dictionary definitions may be helpful." *United States v. Black*, 773 F.3d 1113, 1115 (10th Cir. 2014) (internal citations and quotations omitted). "Falsify" means to make false, distort, or misrepresent. *Falsify*, Merriam-Webster.com, https://www.merriam-webster.com/dictionary/falsify (last visited Feb. 12, 2024). Causing a record to be incomplete, or omitting portions of a record, undoubtedly distorts or misrepresents the record as a whole. Additionally, the Court finds that omitting portions of a record could also fall within the definitions of altering, concealing, and covering up, as set forth in the statute and the superseding indictment.[2] Considering the words of the statute, along with other courts' interpretations of the statute, this Court is confident that failing to make a record falls within the conduct contemplated under 18 U.S.C. § 1519.

Fundamental to the instant Motion, Counts Two and Three of the superseding indictment set forth the language of 18 U.S.C. § 1519, set forth the elements necessary to constitute the offense intended to be punished, and provide enough information so that Defendant is aware of the specific conduct at issue. In other words, the superseding indictment contains "a plain, concise, and

---

[2] "Alter" means to change or modify. *Alter*, Merriam-Webster.com, https://www.merriam-webster.com/dictionary/alter (last visited Feb. 12, 2024). "Conceal" means to prevent disclosure. *Conceal*, Merriam-Webster.com, https://www.merriam-webster.com/dictionary/conceal (last visited Feb. 12, 2024). "Cover up" means a concerted effort to keep an illegal or unethical act or situation from being made public or a device or stratagem for masking or concealing. *Cover up*, Merriam-Webster.com, https://www.merriam-webster.com/dictionary/cover-up (last visited Feb. 12, 2024).

definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). This is sufficient for the superseding indictment to survive a motion to dismiss.

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss Counts Two and Three of the Superseding Indictment [Dkt. No. 43] is DENIED.

DATED this 13th day of February 2024.

*[signature]*
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE