IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JEFFREY SCOTT SMITH, JR.,

        Defendant.

Case No. 23-CR-139-JFH

## OPINION AND ORDER

Before the Court is an Opposed Motion to Continue Jury Trial and Extend Pretrial Motion Deadlines ("Motion") filed by Defendant Jeffrey Scott Smith, Jr. ("Defendant"). Dkt. No. 61. The United States of America ("Government") filed a response in opposition to the Motion. *Id.* at 64. For the reasons set forth below, the Motion [Dkt. No. 61] is DENIED.

Defendant's Motion requests a continuance to the Court's May 6, 2024 jury trial docket to allow his retained counsel additional time to review discovery and prepare for trial. Dkt. No. 61 at 2-3. The Court does not find this is a sufficient reason to extend the trial.

This case is set for trial to begin on March 4, 2024. Dkt. No. 41. The Court held a pretrial conference in this matter on February 15, 2024. Dkt. No. 60. At that hearing, the Federal Public Defender's Office—Defendant's counsel at that time—informed the Court that Defendant intended to retain counsel for his representation at trial. The Court acknowledged Defendant's choice to retain counsel but warned that it would not grant a continuance based on retained counsel's appearance in the case. Defendant's retained counsel, John P. Cannon, entered his appearance in the case later that day. Dkt. No. 57. The Court's admonition regarding a request to continue was clearly ignored.

The Court has inherent authority to manage its docket. *See Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) ("[A] district court possesses inherent powers that are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." (quotation omitted)). The Court has experienced unprecedented caseloads and jurisdictional complexities in the past several years. *See Oklahoma v. Castro-Huerta*, 142 S.Ct. 2486, 2492 (2022) (describing the "significant challenge for the Federal Government and for the people of Oklahoma" in the wake of *McGirt v. Oklahoma*, 140 S.Ct. 2452 (2020)); *United States v. Budder*, --- F. Supp. 3d ---, 2022 WL 1948762, at *7 (E.D. Okla. Apr. 29, 2022) (collecting cases where federal courts "noted *McGirt's* tremendous impact"). In light of this, rescheduling trials at short notice is a drastic measure which the Court will consider in only the most compelling situations.

The Court does not find such a compelling situation here. The Indictment in this case was filed on August 9, 2023 and, at the parties' request, the Court previously continued the trial on two previous occasions. As agreed by the parties at the pretrial conference, discovery is complete, all issues have been fully briefed and litigated, and this case stands ready for trial. As acknowledged by Defendant, this case is not complex. Dkt. No. 61 at 4. And, as clarified by the Government, discovery in this case consists of only 2,544 pages of discovery, as opposed to retained counsel's estimation of "roughly 4,000 [pages]." *Id.*; Dkt. No. 64 at 5. The Court finds that there is reasonable time necessary for effective preparation for trial in this matter in the exercise of due diligence.

The Court may grant a continuance under the Speedy Trial Act "on the basis of [its] findings that the ends of justice served by taking such action outweigh the best interest *of the public and the defendant in a speedy trial.*" 18 U.S.C. § 3161(h)(7)(A) (emphasis added). The Court

does not find that a continuance would serve the ends of justice here. This case stands ready for trial and there is reasonable time necessary for effective preparation by Defendant's retained counsel. A continuance would not be in the best interest of the public, including the victim, the Government, its witnesses, and the Court. *See United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009) (finding that it is the responsibility of the district court to "protect the interests of the public by ensuring adherence to the requirements of the Speedy Trial Act.").

IT IS THEREFORE ORDERED that Defendant's Opposed Motion to Continue Jury Trial and Extend Pretrial Motion Deadlines [Dkt. No. 61] is DENIED.

Dated this 21st day of February 2024.

*[signature]*
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE